FILED IN CHAMBERS
U.S.D.C. Rome

FEB 0 2 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RIMION RAWLINGS, | : | CIVIL RIGHTS ACTION |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| MYRON FREEMAN, Sheriff of | : | CIVIL ACTION NO. |
| Fulton County, | : | 1:07-CV-0145-RLV |
| Defendants. | : | |

## O R D E R

Plaintiff, Rimion Rawlings, presently confined at the Fulton County Jail in Atlanta, Georgia, has submitted the instant pro se civil rights action. The matter is now before this Court for a 28 U.S.C. § 1915A frivolity screening.

**I.    28 U.S.C. § 1915A Standard**

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action: (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) & (2). A claim is frivolous when it appears from the face of the complaint that the plaintiff "has little or no chance of success," i.e., the factual allegations are "clearly baseless," the legal theories are "indisputably

meritless," or immunity bars relief. Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). A litigant fails to state a claim when "no construction of the factual allegations will support the cause of action." Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

In reviewing whether a plaintiff has stated a claim, the court presumes the truth of plaintiff's factual allegations, construing them favorably to the plaintiff. Hunnings v. Texaco, Inc., 29 F.3d 1480, 1484 (11th Cir. 1994). Further, the court holds pro se pleadings to a less stringent standard than pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiff, however, must allege facts sufficient to show a recognized legal claim, and the court cannot read into a complaint non-alleged facts. Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992); Mun. Utils. Bd. of Albertville v. Ala. Power Co., 934 F.2d 1493, 1501 (11th Cir. 1991).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. The plaintiff must allege (1) that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States and (2) that the act or omission was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

2

If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming district court's dismissal for failure to state a § 1983 claim and holding plaintiffs had failed to provide factual allegations sufficient to show a constitutional violation).

## II. Discussion

Plaintiff has filed the instant action against Fulton County Sheriff Myron Freeman. Plaintiff complains about certain conditions of his confinement related to the service of meals. Plaintiff seeks injunctive relief,

While the Constitution does not mandate that prisons be comfortable, neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Rhodes v. Chapman 452 U.S. 337, 349 (1981). Prisoners must be provided with the basic necessities of life, i.e., food, clothing, shelter, sanitation, medical care, and personal safety. DeShaney v. Winnebago County Dep't of Social Services, 489 U.S. 189, 199-200 (1989). A prison official violates this standard when two conditions are met. First, the alleged deprivation must, viewed objectively, be considered sufficiently serious. Farmer, 511 U.S. at 834. Second, the prison official must possess a sufficiently culpable state of mind. Id. In

prison-conditions cases, the necessary state of mind is one of "deliberate indifference." Wilson v. Seiter, 501 U.S. 294, 302 (1991) (general conditions of confinement).

In his complaint, Plaintiff alleges that two inmates served lunch without receiving clearance by the medical personnel and that they failed to wear any "health gear" such as gloves, hair nets, or aprons when performing their duties. Plaintiff alleges no specific facts that these inmates were a health risk to the inmates, including Plaintiff. Plaintiff's allegations regarding the service of meals fail to suggest that he has suffered any actual injury or will likely be injured in the future. See O'Shea v. Littleton, 414 U.S. 488, 494 (1974). Plaintiff's allegations, therefore, are insufficient to constitute serious harm to Plaintiff. In addition, Plaintiff fails to identify any prison official who acted with deliberate indifference in connection with service of the meals. Consequently, Plaintiff's conditions-of-confinement claim is subject to dismissal.

Even if Plaintiff had stated a claim for relief, he cannot proceed against Sheriff Freeman because his claim is premised upon a theory of respondeat superior. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis

4

of respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1261, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted). "Instead, supervisory liability under § 1983 occurs either when the supervisor personally participates in the alleged unconstitutional conduct or when there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff makes no allegations in the instant complaint that Sheriff Freeman personally participated in the alleged unconstitutional conduct. Further, Plaintiff alleges no causal connection between the actions of Sheriff Freeman and any alleged constitutional deprivation.[1]

### III. Conclusion

Because Plaintiff has failed to state a claim upon which relief can be granted, the instant action is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915A.

---

[1] Plaintiff may state a § 1983 claim against government employees in their official capacity by alleging that there is an ordinance, policy, custom or practice that is the "moving force" behind the alleged deprivation of rights. Kentucky v. Graham, 473 U.S. 159 (1985). In this case, however, Plaintiff has made no allegation of an ordinance, policy, custom, or practice that is the moving force behind his claim.

**IT IS FURTHER ORDERED** that Plaintiff's motion seeking leave to proceed in forma pauperis [Doc. 2] is **GRANTED** for the purpose of dismissal only.

**IT IS SO ORDERED**, this 2nd day of Feb., 2007.

_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)